IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FREDERICK DEONE GOODEN,** § | | |
| **#1013573** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:13-CV-2867-D-BK |
| § | | |
| **WILLIAMS STEPHENS, Director** § | | |
| **TDCJ-CID,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the validity of disciplinary action number 20130220460. (Doc. 3 at 5-8). The disciplinary case resulted in the reduction of his time earning status (from L-1 to L-2), 15 days of solitary confinement, 75 days of contact-visitation restriction, 90 days of phone restriction, and 45 days of recreation and commissary restrictions. *Id.* at 5. For the reasons that follow, it is recommended that the petition be summarily dismissed because it does not present a cognizable basis for federal habeas corpus relief. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing for summary dismissal of a habeas petition).[1]

---

[1] Although venue for this habeas corpus action is more appropriate in the Wichita Falls Division where Petitioner is confined and the disciplinary violation occurred, *see* 28 U.S.C. §2241(d), it is more efficient to summarily dismiss than to transfer the case. Moreover, the Wichita Falls Division has previously dismissed at least one other action filed by Petitioner challenging a different disciplinary violation. *See Gooden v. Thaler*, No. 7:12-CV-0191-O-BL (N.D. Tex., Wichita Falls Div. 2012) (dismissing habeas petition challenging prison disciplinary action because no liberty interest was at issue).

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when a disciplinary action results in a sanction that will impinge upon a liberty interest.  *See Sandin v. Conner*, 515 U.S. 472, 484-87 (1995) (holding that due process liberty interests created by prison regulations are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.").  In Texas, only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision, or that otherwise directly and adversely affect release on mandatory supervision, impinge upon a protected liberty interest, that is, the constitutional expectancy of early release.  *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

Petitioner, however, concedes that he is not eligible for mandatory supervised release. (Doc. 3 at 5); *see also Gooden v. Thaler*, No. 7:12-CV-0191-O-BL (N.D. Tex., Wichita Falls Div. 2012)  (finding Petitioner was not eligible for supervised release as a result of his three concurrent 50-year terms of imprisonment and, thus, dismissing his habeas petition challenging a different disciplinary action).  In addition, Petitioner does not have a protected liberty interest in the temporary loss of recreation, commissary, phone, and visitation privileges.  *See Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997) (commissary and cell restrictions do not impose a significant or atypical hardship on the inmate in relation to the ordinary incidents of prison life). Nor does Petitioner have a protected liberty interest in his prison custodial classification or in his good-time earning status.  *See Malchi*, 211 F.3d at 959 (effect of a change in a prisoner's good-time earning status on the timing of his release on mandatory supervision is too speculative to afford him a constitutionally cognizable "right" to a particular time-earning status); *see also*

*Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995) (recognizing that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest). Similarly, the 15 days of solitary confinement do not implicate any liberty interest. *See Luken,* 71 F.3d at 193 ("administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable interest" (citing *Sandin*, 515 US 572, 486).

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

SIGNED August 22, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE