IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDERICK DEONE GOODEN, #1013573 § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:13-CV-2867-D |
| § | | |
| WILLIAM STEPHENS, Director § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

## ORDER

After making an independent review of the pleadings, files, and records in this case, and the findings, conclusions, and recommendation of the magistrate judge, the court concludes that the findings and conclusions are correct. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted.

In his September 13, 2013 objections and motion for reconsideration, petitioner contends that good time credits benefit an offender in many ways, regardless of his eligibility for mandatory supervision release. A Texas prisoner, however, does not have a liberty interest in obtaining parole. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding there is no right or constitutional expectancy of early release on parole in Texas, because parole is within the total and unfettered discretion of the State). Nor does petitioner have "a protectible property" or "liberty interest in his custody classification." *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988). Accordingly, petitioner's objections and motion for reconsideration are overruled, and it is ordered that the petition for writ of habeas corpus is summarily dismissed with prejudice. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court.

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. The court adopts and incorporates by reference the magistrate judge's findings, conclusions, and recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S.473, 484 (2000).

If petitioner files a notice of appeal,

( )   petitioner may proceed *in forma pauperis* on appeal.

(**X**)   petitioner must pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

October 31, 2013.

SIDNEY A. FITZWATER
CHIEF JUDGE